IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK HUMMELL,

    *Plaintiff,*

vs.

MV REALTY OF KANSAS LLC and MV
REALTY PBC, LLC,

    *Defendants.*

Case No. 22-CV-2383-EFM

**MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte*. Magistrate Judge Rachel Schwartz, following Defendants' notice of removal to this Court, ordered Defendants to show cause as to why she should not recommend that the Court remand the case for lack of subject matter jurisdiction. Defendants' response to that order does not satisfy the Court that it has subject matter jurisdiction under 28 U.S.C. § 1332(a). Therefore, the Court orders this matter to be remanded to the state court.

**I.**    **Factual and Procedural Background**

Plaintiff originally filed this action in the District Court of Johnson County, Kansas. He alleged that Defendants, his joint employers, terminated his employment in retaliation for his

report that Defendants' employees committed ethical violations contrary to the Realtor Code of Conduct. He further alleged that this act of retaliation violated Kansas public policy.

Defendants removed the case to this Court. They did so solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). As to the citizenship of the parties, Defendants stated that Plaintiff is a citizen and resident of Kansas. Their own citizenship, however, is a bit more involved. Defendants stated that MV Realty of Kansas is a Kansas limited liability company with its principal place of business in Florida. Its sole member is Defendant MV Realty PBC, LLC. MV Realty PBC is a Florida limited liability company with its principal place of business in Florida. Its sole member is MV Realty Holdings, LLC, a Florida limited liability company with its principal place of business in Florida.

The nesting doll of LLCs apparently stops there. But Defendants did not offer any insight into the identity of MV Realty Holdings' member or members, other than the declaration of Steve Scott, senior vice president of both Defendants, which states that "[n]o member of MV Realty Holdings, LLC is a citizen of Kansas."

Magistrate Judge Schwartz was unsatisfied with this presentation. She ordered Defendants to show cause in writing as to why she should not recommend that the Court remand the case for lack of subject matter jurisdiction. Magistrate Judge Schwartz further specified that "[a]ny response to the show-cause order must establish Defendants' citizenship by identifying each member's citizenship, including tracing all layers of members that are unincorporated associations."

Defendants responded that "MV Realty Holdings, LLC's membership information is considered highly confidential and maintained as such." They recognized that failure to provide

the requested information would likely result in remand to state court, "but respectfully must decline to make public this confidential information."

## II.     Legal Standard

A civil case filed in state court is removable if that action could have originally been brought in federal court.[1] Federal courts have subject matter jurisdiction on the basis of diversity if the amount in controversy is in excess of $75,000, and the parties are citizens of different states.[2] A federal court must remand the action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[3] The Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper, even when the issue is not raised by the parties.[4]

## III.    Analysis

Based on Defendants' presentation—or lack thereof—in response to the show cause order, the Court cannot be satisfied that it has subject matter jurisdiction over this case.

Defendants are both limited liability companies. For the purposes of establishing diversity jurisdiction, the citizenship of an LLC is determined by that of its members, not by its state of organization or its principal place of business.[5] If an LLC has another LLC as its sole member, its

---

[1] 28 U.S.C. § 1441(a).

[2] 28 U.S.C. § 1332(a).

[3] 28 U.S.C. § 1447(c).

[4] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[5] *Siloam Springs Hotel, LLC. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.").

citizenship "must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC."[6]

Defendants trace the membership of the nested LLCs only to a point. MV Realty of Kansas' sole member is MV Realty PBC, whose sole member is MV Realty Holdings. Defendant does not inform the Court of the identities or citizenships of the members of MV Realty Holdings. Instead, the vice president of both Defendants avers that "[n]o member of MV Realty Holdings, LLC is a citizen of Kansas."

Magistrate Judge Schwartz correctly noted that this is insufficient. Negative allegations of citizenship—alleging that a party is not a citizen of a particular state—are generally insufficient to establish diversity of citizenship.[7] Instead, in the context of an LLC, a party must "specifically identify and state the citizenship of each member of each unincorporated association."[8]

The show cause order directed Defendants to identify each member of MV Realty Holdings, LLC and their citizenship. Defendants declined to do so. They represent that the membership information requested is highly confidential. Defendants are well within their rights to keep this information confidential. But without it, the Court cannot satisfy itself that the requirements of diversity of citizenship are met. Accordingly, the Court must remand this matter to the state court.

---

[6] *CU Cap. Mkt. Sols., LLC v. Olden Lane Sec., LLC*, 2019 WL 2612940, at *6 (D. Kan. 2019) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).

[7] Charles Allen Wright et al., *Federal Practice & Procedure* § 3611 (3d ed. Apr. 2022 update) (collecting cases) ("Neither is a negative statement that a party is not a citizen of a particular state usually sufficient, since this type of averment does not eliminate the possibility that the person might be a citizen of no state of the United States or other political entity").

[8] *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1245 (D. Colo. 2021) (collecting cases).

**IT IS THEREFORE ORDERED** that the case is remanded to the District Court of Johnson County, Kansas.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 5) is **DENIED** as moot.

**IT IS SO ORDERED.**

This case is closed.

Dated this 25th day of October, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE